```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
ALTAF CHOWDHURY, on behalf of himself
and all others similarly situated,

                          Plaintiff,

         -against-                                    MEMORANDUM & ORDER
                                                      14-CV-5880(JS)(ARL)
PETER LUGER, INC., PETER LUGER OF
LONG ISLAND, INC., and AMY RUBENSTEIN,
MARILYN SPIERA, and COSTA ARAMA, in
their individual and professional
capacities,

                          Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:      Alexander T. Coleman, Esq.
                    Michael J. Borelli, Esq.
                    Todd Dickerson, Esq.
                    Borrelli & Associates PLLC
                    1010 Northern Blvd., Suite 328
                    Great Neck, NY 11201

For Defendants:     Carolyn D. Richmond, Esq.
                    Glenn Sklaire Grindlinger, Esq.
                    Jason Brett Jendrewski, Esq.
                    Fox Rothschild LLP
                    100 Park Avenue, Suite 1500
                    New York, NY 10017
```

FILED
CLERK
12/28/2015 12:34 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

SEYBERT, District Judge:

Presently pending before the Court is: (1) defendants Peter Luger, Inc., Peter Luger of Long Island, Inc., Amy Rubenstein, and Marilyn Spiera's (collectively, "Defendants") motion to partially dismiss the Amended Complaint and to strike class and collective action allegations (Docket Entry 19); and (2) plaintiff Altaf Chowhudry's ("Plaintiff") motion for approval of

the parties' settlement agreement (Docket Entry 34). For the reasons set forth below, Plaintiff's motion for approval of the parties' settlement agreement is GRANTED and Defendants' motion to partially dismiss the Amended Complaint and to strike class and collective action allegations is TERMINATED AS MOOT.

## BACKGROUND

Plaintiff commenced this action, on behalf of himself and his alleged class, asserting the following claims: (1) violations of the Fair Labor Standards Act ("FLSA") (claims one and two); (2) violations of the New York Labor Law ("NYLL") and N.Y. Comp. Codes R. & Regs. ("NYCRR")(claims three through ten); (3) racial discrimination and retaliation in violation of 42 U.S.C. § 1981 (claims eleven and twelve); (4) race, national origin, and religious discrimination and retaliation in violation of the New York State Human Rights Law (claims thirteen through seventeen); (5) violations of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 (claims eighteen and nineteen). (See Am. Compl., Docket Entry 18.) The Amended Complaint includes collective action allegations in support of Plaintiff's FLSA claims and class allegations pursuant to Federal Rule of Civil Procedure 23 in support of Plaintiff's NYLL and NYCRR claims. (Am. Compl., ¶¶ 18-35.) Thus, Plaintiff's first and second causes of action contain collective action allegations (see, e.g., Am. Compl., ¶¶ 93, 105) and Plaintiff's third through tenth causes of

action contain class allegations (see, e.g., Am. Compl., ¶¶ 116, 127, 137, 143, 148, 154, 160, 164).

A review of the docket reveals that Plaintiff has not moved for class certification.

I. FLSA Settlement Agreement

On November 10, 2015, Plaintiff advised the Court that the parties had resolved his FLSA claims with the assistance of a mediator ("Plaintiff's Letter"). (Pl.'s Ltr., Docket Entry 34 at 1.) Plaintiff, on behalf of both parties, requests approval of the parties' settlement agreement dated November 4, 2015 (the "Settlement Agreement") pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015). (Pl.'s Ltr. at 1.) The Settlement Agreement was filed on the docket as an exhibit to Plaintiff's Letter and does not contain any provision with respect to confidentiality. (Settlement Agmt., Docket Entry 34-1.)

The Settlement Agreement provides that defendant Peter Luger of Long Island, Inc. ("Peter Luger") agrees to pay Plaintiff the total sum of $8,933.00 with $2,233.00 of that sum being paid to Plaintiff's attorneys. (Settlement Agmt. at 2-3.) The Settlement Agreement contains an "FLSA Release" in which Plaintiff discharges Peter Luger of all claims that arose prior to or on the date of the Settlement Agreement "under the Fair Labor Standards Act and its implementing regulations, including but not limited to claims for minimum wages and overtime." (Settlement Agmt. at 2,

3

¶ 5.) The Settlement Agreement requires Plaintiff to "request that the Court dismiss with prejudice . . . all claims that Plaintiff has raised in [this action] under the [FLSA], and claims one and two asserted in the Amended Complaint filed on Plaintiff's behalf on December 18, 2014." (Settlement Agmt. at 2, ¶ 3.)

## II. Defendants Motion to Dismiss

Defendants filed a motion to dismiss the Amended Complaint's seventh and eighth causes of action and to strike Plaintiff's class and collective allegations. (See generally Docket Entries 19 and 20.) Plaintiff's seventh and eighth causes of action allege that Defendants violated the NYLL and NYCRR by failing to compensate employees for uniform maintenance (the "Seventh and Eighth Causes of Action"). (Am. Compl., ¶¶ 148-59.) Defendants argue that the Seventh and Eighth Causes of Action do not plead viable claims. (Defs.' Br., Docket Entry 20, at 8-11.)

Defendants argue that the class and collective allegations set forth in Plaintiff's wage and hour claims should be stricken because: (1) the doctrine of res judicata bars Plaintiff from bringing any class or collective claims due to the settlement of the purportedly related class action of Donnelly v. Peter Luger of Long Island, Inc., No. 13-CV-1377 (E.D.N.Y.); and (2) Plaintiff's claims with respect to harassment and discrimination create a conflict of interest with the putative

4

class. (Defs.' Br. at 11-20.) Plaintiff opposes Defendants' motion. (Docket Entries 22 and 23.)

## DISCUSSION

I. FLSA Settlement Agreement

The Second Circuit requires that settlements dismissing FLSA claims with prejudice be approved by the district court or the Department of Labor in order to take effect. Cheeks, 796 F.3d at 206. To determine whether an FLSA settlement is fair, "'the court must consider whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching.'" Misiewicz v. D'Onofrio Gen. Contractors Corp., No. 08-CV-4377, 2010 WL 2545439, at *3 (E.D.N.Y. May 17, 2010) (quoting Tuan Le v. Sita Info. Networking Computing USA, Inc., No. 07-CV-0086, 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)).

While there is no bright-line test for determining whether an FLSA settlement will or will not be approved, the courts of this Circuit have provided some guidance as to the types of provisions that contravene the FLSA's remedial purpose of "prevent[ing] abuses by unscrupulous employers, and remedy[ing] the disparate bargaining power between employers and employees." Cheeks, 796 F.3d at 207.

First, the inclusion of a confidentiality provision in an FLSA settlement is contrary to public policy. Souza v. 65 St.

5

Marks Bistro, No. 15-CV-0327, 2015 WL 6798807, at *4 (S.D.N.Y. Nov. 6, 2015) (citing Guerra-Alonso v. West 54 Deli Corp., No. 14-CV-7247, 2015 WL 3777403, at *1 (S.D.N.Y. May 22, 2015)). FLSA settlement agreements are "judicial documents to which a presumption of public access applies." Martinez v. Ragtime Foods of N.Y., Inc., No. 11-CV-1483, 2011 WL 5508972, at *1 (E.D.N.Y. Nov. 10, 2011). Accord Mosquera v. Masada Auto Sales, Ltd., No. 09-CV-4935, 2011 WL 282327, at *1 (E.D.N.Y. Jan. 25, 2011) (collecting opinions of district courts in this Circuit barring confidentiality provisions in stipulated settlement agreements in FLSA actions and/or requiring the terms of the settlement be placed on the public docket). To overcome this presumption, "the parties must make a substantial showing of need for the terms of their settlement to contain a confidentiality provision." Mosquera, 2011 WL 282327, at *2.

Second, District Courts in this Circuit have declined to approve FLSA agreements with releases that "are far too sweeping to be fair and reasonable." Alvarez v. Michael Anthony George Const. Corp., No. 11-CV-1012, 2015 WL 3646663, at *2 (E.D.N.Y. Jun. 10, 2015) (Holding that the settlement agreement's release was too "sweeping" where its waiver of claims against the defendants was not limited to wage and hour claims or issues related to the FLSA action.). See also Gonzales v. Lovin Oven Catering of Suffolk, Inc., No. 14-CV-2824, 2015 WL 6550560, at *3

6

(E.D.N.Y. Oct. 28, 2015) (Declining to approve the FLSA settlement agreement based on, inter alia, the overbroad language in the parties' release provision.); Camacho v. ESS-A-Bagel, Inc., No. 14-CV-2592, 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014). But see Souza, 2015 WL 6798807, at *5-6 (declining to approve the non-class action FLSA settlement agreement but upholding a general release that was not limited to wage and hour claims with the proviso that the general release be "mutual in all respects.").

Third, where the parties' FLSA settlement agreement provides for the payment of attorney's fees, the Court must determine whether the fee award is reasonable. Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012) (citing 29 U.S.C. § 216(b)). While the range of reasonableness for the approval of attorney's fees is greater where the parties reached a settlement through negotiation, the Court is still obligated to "carefully scrutinize the settlement and the circumstances in which it was reached, if only to ensure that 'the interest of plaintiffs' counsel in counsel's own compensation [did not] adversely affect the extent of the relief counsel [procured] for the clients.'" Id. (quoting Cisek v. Nat'l Surface Cleaning, Inc., 954 F. Supp. 110, 111 (S.D.N.Y. 1997) (alterations in original)). Accord Misiewicz, 2010 WL 24545439, at *5.

The Court has reviewed the Settlement Agreement and finds it to be fair and reasonable. Both parties were represented

7

by counsel, engaged in settlement negotiations after the exchange of paper discovery, and participated in mediation. (Pl.'s Ltr. at 3.) Thus, the Settlement Agreement was not brought about by Defendants' overreaching. See Misiewicz, 2010 WL 2545439, at *5. See also Hernandez v. Anjost Corp., No. 11-CV-1531, 2013 WL 4145952, at *2 (S.D.N.Y. Aug. 14, 2013) (A settlement reached with the assistance of a third-party neutral is presumed to meet due process requirements.) The Settlement Agreement does not contain a confidentiality provision and its release provision is narrowly tailored and limited to Plaintiff's discharge of any wage and hour claims that arose prior to or on the date of the Settlement Agreement. (Settlement Agmt. at 2, ¶ 5.) Cf. Camacho, 2014 WL 6985633, at *4 (Rejecting a broad release in a FLSA settlement agreement where it "purport[ed] to waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage and hour issues.").

The Court also finds Plaintiff's attorney's fees of $2,233.00, which is less than one-third of Plaintiff's total settlement of $8,933.00, to be reasonable. (Settlement Agmt. at 3, ¶ 7.) Although the Court has not had occasion to review Plaintiff's counsel's billing records, Plaintiff aptly notes that "Plaintiff's Counsel's lodestar is obviously higher than $2,233.00, given the stage of the proceedings." (Pl.'s Ltr. at 3.) As previously noted, Plaintiff alleges that the parties

8

engaged in discovery, settlement negotiations, and an eight-hour mediation. (Pl.'s Ltr. at 3.)  Additionally, Plaintiff alleges (and Defendants have not disputed) that if Plaintiff's allegations are correct, Defendants would owe him $3,350.00 in connection with his FLSA claims. (Pl.'s Ltr. at 2.)  When that amount is doubled to account for liquidated damages, Plaintiff's maximum FLSA recovery is $6,700.00, which is the exact sum of money that he will receive pursuant to the Settlement Agreement. (Pl.'s Ltr. at 2.)

Accordingly, the Settlement Agreement is APPROVED. Plaintiff's first and second causes of action pursuant to the FLSA are DISMISSED WITH PREJUDICE.

The parties have not addressed the Settlement Agreement's effect on Plaintiff's third through tenth causes of action asserting wage and hour claims pursuant to the NYLL and NYCRR (the "State Wage and Hour Claims").  As previously noted, the Settlement Agreement provides that Plaintiff will request the dismissal with prejudice of "all claims that Plaintiff has raised in Pending Action under the [FLSA], and claims one and two asserted in the Amended Complaint filed on Plaintiff's behalf on December 18, 2014." (Settlement Agmt. at 2.)  Plaintiff's first and second causes of action (the "FLSA Claims") allege that Defendants violated the FLSA by: (1) failing to pay overtime; (2) taking a "tip credit" by paying employees less than the minimum

9

wage; (3) requiring employees to share their tips; and (4) requiring employees to wear uniforms even though the cost of purchasing and maintaining these uniforms reduced employee wages and lowered overtime pay. (Am. Compl. ¶¶ 94-101, 106-13.)

The Court finds that the settlement of the FLSA Claims effectively disposes of the State Wage and Hour Claims. The State Wage and Hour Claims address the exact same allegations as the FLSA Claims. Particularly, Plaintiff's third and fourth claims allege that Defendants failed to pay overtime and impermissibly applied a "tip credit" and required employees to pool their tips. (Am. Compl. ¶¶ 120-23, 129-33); Plaintiff's fifth claim alleges that Defendants failed to compensate employees at their regular rates of pay (Am. Compl. ¶¶ 139); Plaintiff's sixth claim alleges that Defendants failed to provide employees with "spread of hours pay" (i.e. one hour's pay at minimum wage for any day in which the "spread of hours" is greater than ten hours) (Am. Compl. ¶¶ 144-46); Plaintiff's seventh and eighth claims allege that Defendants did not compensate employees for purchasing and maintaining uniforms (Am. Compl. ¶¶ 151, 157); Plaintiff's ninth claim alleges that Defendants failed to provide accurate wage statements (Am. Compl. ¶ 162); and Plaintiff's tenth claim alleges that Defendants failed to properly distribute tips (Am. Compl. ¶ 165-66). Accordingly, Plaintiff's third through tenth causes of action are

10

sua sponte DISMISSED WITH PREJUDICE based on the settlement of his FLSA Claims.

II. Defendants' Motion

Defendants' motion requests the dismissal of Plaintiff's seventh and eighth causes of action and that the Amended Complaint's class and collective action allegations be stricken. (See generally Defs.' Mot.) Both of these requests are moot in light of the settlement of the FLSA claims and the Court's sua sponte dismissal of the State Law Wage and Hour Claims. Plaintiff only asserts class and collective action allegations with respect to his first through tenth causes of action pursuant to the FLSA, NYLL and/or NYCRR. (See generally Am. Compl.) Accordingly, Defendants' motion is TERMINATED AS MOOT.

CONCLUSION

For the foregoing reasons, the parties' Settlement Agreement is APPROVED and Plaintiff's first and second causes of action are DISMISSED WITH PREJUDICE. Additionally, Plaintiff's third through tenth causes of action are sua sponte DISMISSED WITH

[BOTTOM OF PAGE INTENTIONALLY LEFT BLANK]

11

PREJUDICE based on the settlement of his FLSA claims.  In light of the dismissal of Plaintiff's wage and hour claims, Defendants' motion is TERMINATED AS MOOT.

    The Clerk of the Court is directed to mark this case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: December  28 , 2015
      Central Islip, New York